**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**NORFOLK DIVISION**

**Alex Collot,**

**Plaintiff,**

**v.**

**Better Tax Relief LLC;**

**Better Rise Capital LLC; and**

**Better Companies LLC,**

**Defendants.**

Case No.: 2:26-cv-1212

**COMPLAINT WITH JURY TRIAL DEMAND**

## PRELIMINARY STATEMENT

1. This action for damages is based on Defendants' frequent and unauthorized calls to Plaintiff's cellular telephone. Plaintiff seeks monetary relief based on Defendants' violations of the Telephone Consumer Protection Act ("TCPA"), the Virginia Telephone Privacy Protection Act ("VTPPA"), and the Virginia Consumer Protection Act ("VCPA").

## PARTIES

2. Plaintiff, Alex Collot, is natural person who resides in Norfolk, Virginia.

3. Plaintiff is the subscriber for the cellular telephone with the number 757-272-3259.

4. Defendant Better Tax Relief LLC is a California company with its principal office address at 2525 Main Street #300, Irvine, California 92614.

5. Defendant Better Rise Capital LLC is a California company with its principal office

address at 2525 Main Street #410, Irvine, California 92614.

6. Defendant Better Companies LLC is a California company with its principal office address at 2525 Main Street #500, Irvine, California 92614.

7. Upon information and belief, Better Tax Relief and Better Rise Capital are each a wholly-owned subsidiary of Better Companies. Better Companies, Better Tax Relief, and Better Rise Capital have common employees, officers and directors. The business operations of the companies overlap without distinction and therefore, the three companies ("Defendants") worked in concert as a joint enterprise.

8. Defendants do business in Virginia.

## JURISDICTION AND VENUE

9. Because this case arises under the TCPA, 47 U.S.C. § 227, jurisdiction of this Court arises under 28 U.S.C. § 1331, and supplemental jurisdiction for state law claims arises under 28 U.S.C. § 1367.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the claim arose in Virginia, and all Defendants do business in Virginia.

## FACTUAL ALLEGATIONS

### Defendants Had No Authorization to Call or Text Plaintiff

11. Defendants offer tax debt relief services.

12. They have been the subject of multiple lawsuits based its telemarketing and numerous Better Business Bureau complaint relating to calls to those on the National Do Not Call Registry. *See, e.g., Lawler v. Better Tax Relief LLC, et al.*, No. 1:26-cv-04950 (D. Colo.); *Matthews v.*

*Better Tax Relief LLC,* No. 8:26-cv-02161 (C.D. Cal.); *McBride v. Better Tax Relief, LLC*, No. 1:26-cv-02258 (D. N.J.).

13. On or about January 5, 2026, Plaintiff began receiving calls on his cellular telephone, phone number 757-272-3259, from Defendants selling services relating to tax debt relief.

14. At that time, Plaintiff had never provided his phone number to Defendants or authorized them to contact him on his cell phone.

15. Plaintiff does not have tax debt nor has he done business in any way with Defendant.

16. Defendants admitted to Plaintiff that they had obtained his number from "public and commercial records databases."

17. Plaintiff's phone number has been on the National Do Not Call Registry since on or about April 24, 2019.

18. Beginning on or about January 5, 2026, and continuing for months, Defendants called Plaintiff at least 36 times on his cell phone.

19. Plaintiff did not answer the calls, and Defendants left voicemails, many if not all of which appeared to be pre-recorded.

20. The voicemails did not identify any Defendant as the caller.

21. Each voicemail began with a pause, and upon information and belief, Defendants used an autodialer to make its calls to Plaintiff.

22. Defendants' calls to Plaintiff had no emergency purpose.

23. Defendants used multiple outgoing phone numbers to contact Plaintiff, making it impossible for Plaintiff to block and/or avoid the calls.

24. Plaintiff carries his cell phone at most times, as he needs to remain reachable for work and family purposes.

25. Calls from Defendants have interrupted and interfered with Plaintiff's daily life, including work and time with family and friends.

26. Defendants knew or should have known that Plaintiff never consented to the calls at all, as it found his information through databases rather than any outreach by Plaintiff or consent by Plaintiff for any other entity to share his information with Defendant.

27. Defendants' repeated calls were therefore willful.

28. Defendants knew or should have known Plaintiff's number was listed on the Do Not Call Registry.

29. Defendants' procedures are insufficient to ensure compliance with the Do Not Call Registry.

30. As a result of Defendants' actions, Plaintiff is eligible for statutory damages.

## CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### PROHIBITION ON PRE-RECORDED AND/OR AUTODIALED CALLS
### 47 U.S.C. § 227(b)(1)(A)(iii)

31. Plaintiff incorporates by reference all preceding factual allegations as though fully stated herein.

32. Defendants directly or indirectly willfully and/or negligently violated 47 U.S.C. § 227(b)(1)(A)(iii) by making repeated phone calls to Plaintiff's cellular telephone, without permission or emergency purpose and using an autodialer and/or a pre-recorded voice.

33. Defendants knew or should have known that the calls were unauthorized, as Plaintiff had not provided any authorization and had listed his number in the Do Not Call Registry.

34. As a result of Defendants' violations of § 227(b)(1)(A)(iii), Plaintiff is entitled to recover actual and/or statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B), jointly and severally from Defendants.

35. Defendants' actions were willful and/or knowing, rendering it liable for punitive damages and/or treble statutory damages pursuant to 47 U.S.C. § 227(b)(3).

**COUNT II**
**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**
**NATIONAL DO NOT CALL RULES**
**47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)**

36. Plaintiffs incorporate by reference the foregoing factual allegations as if fully set forth herein.

37. The TCPA provides that it is a violation of the law for a person whose phone number is registered on the National Do Not Call Registry to receive more than one solicitation call on their phone "within any 12-month period by or on behalf of the same entity." *See* 47 U.S.C. §§ 227(c)(1), (c)(5); 47 C.F.R. § 64.1200(c)(ii), (e).

38. By calling and leaving voicemails to Plaintiff at a number registered on the National Do Not Call Registry, Defendants violated the TCPA, including but not limited to, 47 U.S.C. §§ 227(c)(1) and the TCPA's corresponding regulations.

39. On information and belief, the Defendants and/or their agents routinely make outgoing calls to residential and cellular telephones in the regular course of their telemarketing campaigns alleged above.

40. Defendants violated 47 C.F.R. § 64.1200(c) by initiating two or more telephone solicitations to Plaintiff.

41. Defendants' violations are knowing and willful because Defendants knew or should have known that Plaintiff's number was registered on the Do Not Call Registry.

42. Plaintiff is entitled to damages, jointly and severally from Defendants, pursuant to 47 U.S.C. § 227(c)(5).

**COUNT III**
**VIRGINIA TELEPHONE PRIVACY PROTECTION ACT**
**VA CODE §§ 59.1-510 *et seq.***

43. Plaintiff incorporates by reference all preceding factual allegations as though fully stated herein.

44. Defendants, directly or indirectly, initiated numerous calls to Plaintiff at a number listed on the Do Not Call Registry.

45. Defendants' calls were for the purpose of advertising or offering tax debt relief services and were, accordingly, telephone solicitations and Defendant is a telephone solicitor, as those terms are defined in Va. Code § 59.1-510.

46. Plaintiff had not provided prior express authorization for such calls and had no established business or personal relationship with Defendants.

47. Defendants' calls violated Va. Code § 59.1-514(B), and Defendants are jointly and severally liable to Plaintiff for actual and/or statutory damages, as well as attorney's fees and costs, pursuant to Va. Code § 59.1-515.

**COUNT IV**
**VIOLATION OF THE VIRGINIA CONSUMER PROTECTION ACT**
**AUTOMATIC DIALING-ANNOUNCING DEVICES VIOLATIONS**
**VA. CODE §§ 59.1-200 *et seq.* and 518.1 *et seq.***

48. Plaintiff incorporates by reference all preceding factual allegations as though fully stated herein.

49. Upon information and belief, Defendants used an automatic dialing-announcing devices, as that term is defined in Va. Code § 59.1-518.1, in its calls to Plaintiff, in violation of Va. Code § 59.1-518.2.

50. Defendants' calls to Plaintiff were commercial telephone solicitations.

51. Plaintiff did not knowingly request or authorize the receipt of Defendants' calls.

52. Defendants' messages were not immediately preceded by any message from any live operator.

53. Pursuant to Va. Code §§ 59.1-518.3 and 200(50), violations of the Automatic Dialing-Announcing Devices provisions violate the Virginia Consumer Protection Act.

54. Defendants are, accordingly, jointly and severally liable to Plaintiff for actual and/or statutory damages, as well as attorney's fees and costs, pursuant to Va. Code § 59.1-204.

## PRAYER FOR RELIEF

WHEREFORE, to redress the injuries caused by Defendants' conduct as stated in the foregoing paragraphs, Plaintiff hereby requests the following relief:

- an award of actual damages;
- an award of statutory and/or treble damages;
- for an award of costs of litigation and reasonable attorney's fees;
- an award of pre-judgment and post-judgment interest; and
- for such other and further relief as may be just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all claims so triable.

Dated: Washington, D.C.
October 30, 2026

Respectfully submitted on behalf of Plaintiff,

*/s/ Courtney L. Weiner*
Courtney L. Weiner (#96733)
Law Office of Courtney Weiner PLLC
1629 K Street NW, Suite 300
Washington, DC 20006
PH: 202-827-9980
cw@courtneyweinerlaw.com

*Counsel for Plaintiff*